Per Curiam.

The conviction, insofar as based upon violation of subdivision 5 of section 240.20 of the Penal Law was, as conceded by the District Attorney, error (see People v. Kranish, N. Y. L. J., March 18,1970, p. 2, col. 4 [App. Term, 1st Dept.]), for there was no proof defendants did anything more than demonstrate in the area prescribed therefor by the pólice.
We find no error, however, in the ruling below that, with intent to cause public inconvenience, annoyance or alarm, or *708 recklesly creating a risk thereof, defendants’ conduct created a hazardous or physically offensive condition by an act which serves no legitimate purpose (Penal Law, § 240.20, subd. 7). The Trial Judge could properly find that by igniting a 6-foot by 8-foot flag (of another country) in the midst of a large, closely packed assemblage, defendants placed themselves and the others present in a dangerous situation. Such acts, violative of the public health, safety or well-being are not protected by the First Amendment (People v. Todaro, 26 N Y 2d 325, 329; People v. Radich, 26 N Y 2d 114,118-120; People v. Street, 24 N Y 2d 1026; see 394 U. S. 576, revg. 20 N Y 2d 231; United States v. O’Brien, 391 U. S. 367).
Judgment of conviction of violation of subdivision 5 of section
240.20 of the Penal Law reversed on the law and the facts and the complaint, insofar as it asserts such violations, dismissed.
Judgment of conviction of violation of subdivision 7 of section 240.20 of the Penal Law affirmed.
Concur — Quinn, J. P., Gold and Markowitz, JJ.